# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC JUAN FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIV-08-251-R |
| | ) |
| PRISON MEDICAL DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered April 25, 2008.  Doc. No. 15.  Also before the Court is "Plaintiff's Objection to Magistrate Judge's Report and Recommendation" filed May 12, 2008.  Doc. No. 16.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation de novo in light of Plaintiff's Objection.

In his Objection, Plaintiff asserts that his civil rights action under 42 U.S.C. § 1983 cannot be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915 (A)(2) and (b) and § 1915 (e)(2)(B) because those statutes do not apply.  He further asserts that his First Amended Complaint [Doc. No. 9] and proposed "Second Amended complaint," Doc. No. 14, Attachment 1, cannot be dismissed under Rule 12(b)(6), F.R.C.iv.P., "simply because an affirmative defense has yet to appear on its face."  Plaintiff also suggests that he should be granted leave to file his Second Amended Complaint pursuant to Rule 15(a), F.R.Civ.P.

The Magistrate Judge recommended that this case be dismissed upon filing

pursuant to 28 U.S.C. § 1915A(a) and 1915(e)(2) for failure to state a claim on which relief can be granted.  Report and Recommendation at p.6.  He also recommended that Plaintiff's motion for leave to file an Amended Complaint [Doc. No. 14] be denied as futile.  Id.

The Magistrate properly screened Plaintiff's First Amended Complaint as soon as practicable after docketing pursuant to 28 U.S.C. § 1915A(a) and determined that the First Amendment Complaint, and proposed Second Amended Complaint, including the documents attached thereto, failed to state a claim on which relief could be granted pursuant to 28 U.S.C. §1915A(b)(1) and 28 U.S.C. § 1915(e)(2).  Contrary to Plaintiff's assertions, those statutes apply to Plaintiff's action.  See Curley v. Perry, 246 F.3d 1278, 1283 n.3 (10th Cir. 2001) (sua sponte review of complaints by prisoners under 28 U.S.C. § 1915A(b)(1)); Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007); Curley v. Perry, 246 F.3d at 1281; Perkins v. Kansas Department of Corrections 165 F.3d 803, 806 (10th Cir. 1999) (dismissal of a pro se complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  Kay v. Bemis, 500 F.3d at 1217, quoting Curley v. Perry, 246 F.3d at 1281 (internal quotation omitted).  Accepting Plaintiff's allegation as true, construing them liberally and construing them and any reasonable inferences from them in the light most favorable to Plaintiff, see Kay v. Bemis, 500 F.3d at 1217-1218, the Court agrees with the Magistrate Judge that under the standard set forth above, Plaintiff has failed to state a claim and cannot state a claim for a deprivation of his Eighth Amendment rights on which relief could be granted and that it would be futile to allow Plaintiff to file his Second Amended Complaint or otherwise allow him leave to amend.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 15] is **ADOPTED** in its entirety.  This action is **DISMISSED** upon filing pursuant to 28 U.S.C. § 1915A(a), § 1915A(b)(1) and § 1915(e)(2) for failure to state a claim on which relief can be granted and Plaintiff's motion for leave to file his proposed Second Amended Complaint [Doc. No. 14] is **DENIED** as futile.

IT IS SO ORDERED this 14th day of May 20008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE